James McDONALD

v.

PROVIDENCE REDEVELOPMENT AGENCY, et al.

No. 96–325—Appeal.

Supreme Court of Rhode Island.

Nov. 26, 1997.

Marty C. Marran, Cranston.

Raymond Mannarelli, Richard G. Riendeau, Providence.

**ORDER**

This matter came before the Supreme Court on November 10, 1997, pursuant to an order directing the plaintiff to appear and show cause why the issues raised by his appeal from a final judgment of the Superior Court denying him an award of interest and costs should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

In 1979, the plaintiff, James McDonald (McDonald), purchased a vacant lot, formerly owned by Clarence and Alexina Lewis (the Lewises), at 303 Blackstone Street in Providence from the City of Providence Tax Collector. The Tax Collector had purchased the lot for the city at a tax sale in 1968. McDonald made no attempt at any time from 1979 to foreclose the Lewises' rights of redemption.

On January 12, 1992, the 303 Blackstone Street property was officially taken by eminent domain proceedings by and for the benefit of the Providence Redevelopment Agency (PRA). At the time of condemnation, PRA deposited its estimate of the fair market value of the lot, namely, $14,400 into the registry of the court pursuant to G.L. 1956 § 45–32–28.

On October 14, 1994, McDonald filed a petition, against both the Lewises and PRA, pursuant to G.L. 1956 § 45–32–37 to gain release to him of the deposited funds for the property from the registry. PRA did not file an answer in response to or in any other way respond to that petition, assumably because it was not a party in interest as contemplated by § 45–32–37. Nonetheless, a default judgment was entered against PRA on September 27, 1995. After serving notice on the Lewises by publication,[1] default judgment was later entered against the Lewises on November 20, 1995. Final entry of judgment against both the Lewises and PRA was entered on November 30, 1995.

On January 12, 1996, the parties stipulated that McDonald had been permitted to obtain the $14,400 deposited funds from the registry of the court.

Later, however, McDonald, on May 21, 1996, filed a motion seeking an award of interest on the previously withdrawn registry funds claiming that his default judgments were subject to the civil judgment interest provided by statute. The basic error in that position taken by McDonald is that the eminent domain proceedings by which the PRA

---

**1.** McDonald tried to locate the Lewises, even to the extent of a state-wide search of death records from 1960 to 1994, but he could not do so.

took his lot are governed by the provisions of Chapter 32 in Title 45 of our General Laws.

Section 37 therein specifically provides that interest on any amounts deposited by PRA for the taking of land shall only be permitted if the PRA determination of fair market value is challenged and after trial damages awarded in respect to the real property exceed the amount previously deposited with the registry of the court. That simply stated means that interest is paid only if the property owner whose land has been taken and who challenges the PRA's determination of fair market value is successful in proving that the amount deposited was less than fair market value.

In this case, McDonald never challenged the amount deposited by PRA as the fair value of the property. Instead, more than two and a half years after notice of the taking, well beyond the three month limit set forth in § 45–32–34 for the filing of a petition disputing the fair value amount of a con-demned piece of property, McDonald filed a petition for release of the funds deposited with the court, pursuant to § 45–32–37. That statute only provides for the payment of interest to an owner of condemned property when a judgment is entered by the court in excess of the amount already deposited with the court. Because McDonald never received a judgment in excess of the amount deposited with the court, he is not now entitled to an award of interest or costs.

For the foregoing reasons, the appeal is hereby denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.